UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------X

UTSCH'S MARINA, INC.

    Plaintiff,

VS.

MOTOR VESSEL, A "2000" GRADY
WHITE, MODEL NO. 232, AND
BEARING HULL IDENTIFICATION
NO. NTLCZ16H900, HER TWIN-
EVINRUDE ENGINES BEARING
SERIAL NO(S). G04807334 AND
G04815496, HER TACKLE, APPAREL &
HER APPURTENANCES IN REM &
THOMAS P. SELLERS IN PERSONAM

    Defendants

---------------------------------X

CIVIL ACTION NO. 09 5848 (NLH-KMW)

IN ADMIRALTY

MOTION AND ORDER FOR
APPOINTMENT OF A SUBSTITUTE
CUSTODIAN

    Plaintiff, Utsch's Marina Inc., by and through its attorneys, Eugene J. McDonald, Esq., having appeared and made the following recitals:

    1.    On November 17, 2009 the Verified Complaint herein was filed praying that the Motor Vessel, A "2000" Grady White, Model No. 232 and bearing Hull Identification No. NTLCZ16H900, Her Twin-Evinrude Engines bearing Serial No(s). G04807334 and GO4815496, her tackle, apparel and her appurtenances, be condemned and sold to pay Plaintiff's demands and claims for other proper relief.

    2.    On November 17, 2009, the Clerk of this Court issued a Warrant of Arrest of Vessel commanding the United States Marshall, for the District of New Jersey, to arrest and take into custody the defendant vessel and to detain the same in his custody until further Order of the Court.

3. It is contemplated that the United States Marshall will seize the defendant vessel forthwith. Custody by the United States Marshall requires the services of one or more keepers alone and not including charges for wharfage and other services usually associated with safekeeping vessels similar to this vessel.

4. The defendant vessel is currently dry docked at Utsch's Marina, Inc., 1121 Route 109, Schellenger's Landing, Cape May, New Jersey 08204.
Utsch's Marina, Inc., has agreed to assume responsibility for safekeeping the said vessel, and has consented to act as the custodian upon Order of this Court, all for a sum, including wharfage and routine services required for the safekeeping of the particular vessel, at a rate of $50.00 per day.

5. The United States Marshall is unable to perform or to have performed at a comparable rate these same services. Additional services to be performed by Utsch's Marina, Inc., will include hauling, dry storage, winterization of the engine(s) and shrink wrapping, etc. which services are to be performed at separate costs, not to exceed $2,500.00. In any case, the safekeeping will not be affected until the Court approves such custodianship and all such charges have been paid by the moving party.

6. Ernest Utsch by Affidavit appended hereto as Exhibit "A" and made a part hereof, avers that Utsch's Marina, Inc., has adequate facilities and supervision for proper maintenance and safekeeping of the vessel, her engines, tackle appurtenance, furnishing, etc. and has presented proof of insurance to the United States Marshall sufficient to respond in damages for loss or damage to the defendant vessel, appended here to as Exhibit "B" and made a part hereof, etc., faults, or negligence of said substitute custodial or its agents.

NOW THEREFORE IT IS:

**ORDERED** that the substitute custodian, in consideration of the United States Marshall's consent to the substitution of custody, shall indemnify, hold harmless, and release the United

States Marshall, the United States of America, their agents, servants, employees, and all other for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the vessel, her engines, tackle, appurtenances, furnishings, etc. from the date of the transfer of possession of said vessel, her engines, tackle, appurtenances, furnishings, etc., and it is further:

**ORDERED** that substitute custodian shall defend the United States of America, the United States Marshall, their agents, servants, employees, and all other for whom they are responsible, for all attorneys' fees, cost, expenses and disbursements incurred in defending agents such claims or actions arising out of said substitute custody, and it is further:

**ORDERED** that the United States Marshall for the District of New Jersey shall surrender the possession of the defendant vessel to the substitute custodian named herein upon executing the warrant in this action, and it is further:

**ORDERED** that all United States Marshall's costs be paid prior to release of said vessel, and it is further:

**ORDERED** that the substitute custodian must receipt for the vessel and the United States Marshall must attest to the date and time of release on a certified copy thereof, and it is further:

**ORDERED** that plaintiff's attorney will serve the owner of defendant Motor Vessel, A "2000" Grady White, Model No. 232 with a copy of this Order.

Dated this _____ day of November, 2009.

```
                                    KAREN M. WILLIAMS           E
                                    U.S. MAGISTRATE JUDGE
```

**EUGENE J. MCDONALD, ESQ.**
**170 Broad Street**
**Matawan, NJ 07747**
**Telephone: 732 583 8485**
**Attorney for Plaintiff**

3

EXHIBIT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------X

UTSCH'S MARINA, INC.

      Plaintiff,

VS.

MOTOR VESSEL, A "2000" GRADY
WHITE, MODEL NO. 232, AND
BEARING HULL IDENTIFICATION
NO. NTLCZ16H900, HER TWIN
EVINRUDE ENGINES BEARING
SERIAL NO(S). G04807334 AND
G04815496, HER TACKLE, APPAREL &
HER APPURTENANCES IN REM &
THOMAS P. SELLERS IN PERSONAM

      **Defendants**

---------------------------------

CIVIL ACTION NO._____

IN ADMIRALTY

AFFIDAVIT IN SUPPORT OF
MOTION AND ORDER FOR
APPOINTMENT OF A SUBSTITUTE
CUSTODIAN

---

      Ernest Utsch, of full age, being duly sworn, according to law, upon his oath, deposes and says:

      1.    I am the President of Utsch's Marina, Inc., and am authorized to make this affidavit.

      2.    I, as president of Utsch's Marina, Inc., aver that said corporation has adequate facilities and supervision for the proper maintenance and safekeeping of the Motor Vessel, her engines, tackle, appurtenances, furnishings, etc., and has presented proof of insurance to the United States Marshal sufficient to respond in damages for the loss or damage to the Defendant

8. The United Sates Marshall is unable to perform or to have performed at a comparable rate these same services. Additional services to be performed by Utsch's Marina, Inc., will include hauling, dry storage, winterization of the engine(s) and shrink wrapping, etc. which services are to be performed at separate costs, not to exceed $2,500.00. In any case, the safekeeping will not be affected until the Court approves such custodianship and all such charges have been paid by the moving party.

9. I, as President of Utsch's Marina, Inc., aver that said company has adequate facilities and supervision for proper maintenance and safekeeping of the vessel, her engines, tackle, appurtenance, furnishing, etc. and has presented proof of insurance to the United States Marshall sufficient to respond in damages for loss or damage to the defendant vessel, appended hereto as Exhibit "B" and made a part hereof, etc., faults, or negligence of said substitute custodian or its agents.

10. The substitute custodian, in consideration of the United States Marshall's consent to the substitution of custody, shall indemnify, hold harmless, and release the United States Marshall, the United States of America, their agents, servants, employees, and all other for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the vessel, her engines, tackle, appurtenances, furnishings, etc.

11. The substitute custodian shall defend the United States of America, the United States Marshall, their agents, servants, employees, and all other for whom they are responsible to pay and satisfy all claims and judgments that might arise out of said substitute custody and shall be responsible and indemnify and hold harmless the United States of America, the United States Marshall, their agents, servants, employees, and all other for whom they are responsible, for all

3

attorneys' fees, cost, expenses and disbursements incurred in defending agents such claims or actions arising out of said substitute custody.

12. The substitute custodian will execute a receipt for the vessel to the United States Marshall and will attest to the date and time of same.

I hereby certify that the foregoing statements made by me are true. I am aware that if the foregoing statements made by me are willfully false, I am subject to punishment by law.

Dated: November 17, 2009

_Ernest Utsch_
Ernest Utsch,

Sworn to and subscribed before me this
17 day of November, 2009

_Linda M. McDonald_
Notary Public, State of New Jersey

LINDA M. McDONALD
NOTARY PUBLIC OF NEW JERSEY
I.D No.. 2197485
Commission Expires 3/18/2012

4

# EXHIBIT B

08 * 05/20/2009 * OMH 7887953 17        Great American Insurance Company of New York        ORIGINAL COPY

**GREAT AMERICAN INSURANCE GROUP**

ADMINISTRATIVE OFFICES
580 Walnut Street • Cincinnati, OH 45202
513.369.5000
www.GreatAmericanInsurance.com

GAI 2430 (Ed. 08 05)

| | |
|---|---|
| Policy No. | OMH 7887953 17 |
| Renewal Of | OMH 7887953 16 |

# MARINE COMPOSITE POLICY DECLARATIONS

| NAMED INSURED AND ADDRESS: | POLICY PERIOD: |
|---|---|
| UTSCH'S CORPORATION<br>UTSCH'S MARINA, INC & R&C SALES<br>1121 ROUTE 109 & S. LANDING<br>CAPE MAY, NJ 08204 | 12:01 A.M. Standard Time at the address of the Named Insured shown at left.<br>From  05/19/2009  To  05/19/2010 |
| IN RETURN FOR PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY. | AGENT'S NAME AND ADDRESS:<br>MIP INC<br>1 LETHBRIDGE PLZ # 30<br>MAHWAH, NJ  07430 - 2126 |

Insurance is afforded by company indicated below:
(A capital stock corporation)

Great American Insurance Company of New York

**POLICY SECTIONS**
  I. BOAT DEALER'S COVERAGE FORM
  II. MARINA OPERATOR'S LEGAL LIABILITY COVERAGE FORM
  III. MARINE COMMERCIAL LIABILITY COVERAGE FORM
  IV. PROTECTION & INDEMNITY COVERAGE FORM
  V. OWNED WATERCRAFT COVERAGE FORM
  VI. OWNED EQUIPMENT COVERAGE FORM
  VII. MARINE COMPOSITE POLICY GENERAL EXCLUSIONS
  VIII. MARINE COMPOSITE POLICY GENERAL CONDITIONS
  IX. ADDITIONAL COVERAGE FORMS AND ENDORSEMENTS
                                TOTAL POLICY PREMIUM:   $      33,461.00

**SUBJECT TO CONDITIONS OF FORMS ATTACHED:**
Subject to the Schedule of Coverages on the following pages of this Declarations, and the terms and conditions of the Coverage Forms and Endorsements attached hereto. In the event that any of the clauses contained in Section VII. General Policy Exclusions or Section VIII. General Policy Conditions attached hereto are in conflict with the specific clauses contained in the Coverage Forms and Endorsements attached hereto, the specific clauses contained in the Coverage Form or Endorsement shall take precedence and be applicable.

GAI 2430 (Ed. 08/05)                    (Page 1 of 4)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------x
UTSCH'S MARINA, INC.

        Plaintiff,

VS.

MOTOR VESSEL, A "2000" GRADY
WHITE, MODEL NO. 232, AND
BEARING HULL IDENTIFICATION
NO. NTLCZ16H900, HER TWIN
EVINRUDE ENGINES BEARING
SERIAL NO(S). G04807334 AND
G04815496, HER TACKLE, APPAREL &
HER APPURTENANCES IN REM &
THOMAS P. SELLERS IN PERSONAM

        Defendants
------------------------------X

CIVIL ACTION NO. 09cv5848 (NLH-KMW)

IN ADMIRALTY

ORDER OF ISSUANCE OF PROCESS
OF MARITIME ATTACHMENT AND
ARREST

      Upon reading the Verified Complaint for issuance of process of maritime arrest filed herein, and good cause appearing therefore, it is this ___ day of November, 2009, by the United States District Court for the District of New Jersey;

      **ORDERED**, that the Clerk issue the process of maritime arrest of the Motor Vessel, A"2000" Grady White, Model No. 232 and bearing Hull Identification No. NTLCZ16H900, Her Twin Evinrude Engines bearing Serial No(s). G04807334 and GO4815496, her tackle, apparel and her appurtenances and against any and all persons having or claiming to have any and all interest therein, that they be cited to appear and answer under oath all and singular the matters set forth in the Verified Complaint now being filed simultaneously herewith, all as previously set forth in the Complaint; and it is further:

**ORDERED**, that any person claiming an interest in the property arrested pursuant thereto may, upon a showing of any improper practice or a manifest want of equity on the part of the Plaintiff, be entitled to an order requiring the Plaintiff to show cause forthwith why the arrest should not be vacated or other relief granted; and it is further:

**ORDERED**, that a copy of this Order be attached to and served with the said process of maritime arrest.

Date: November 17, 2009

KAREN M. WILLIAMS
U.S. MAGISTRATE JUDGE