UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

UTSCH'S MARINA, INC.,                    :

                                         :      Civil No.

                                         :      09-cv-5848 (NLH)(KMW)

          Plaintiff,                     :

                                         :      **MEMORANDUM & ORDER**

     v.                                  :

                                         :

MOTOR VESSEL, A "2000" GRADY             :

WHITE, MODEL NO. 232, AND                :

BEARING HULL IDENTIFICATION              :

NO. NTLCZ16H900, HER TWIN-               :

EVINRUDE ENGINES BEARING                 :

SERIAL NO(S). G04807334 AND              :

G04815496, HER TACKLE, APPAREL           :

& HER APPURTENANCES IN REM &             :

THOMAS P. SELLERS IN PERSONAM            :

                                         :

          Defendants.                    :

---

**HILLMAN, District Judge**

THIS MATTER having come before the Court on the motion of Plaintiff, Utsch's Marina, Inc., for default judgment against Defendant, Thomas P. Sellers, with respect to Defendant's contractual responsibility to pay for necessaries furnished to his vessel by Plaintiff; and

Plaintiff averring that on or around April 28, 2004, Defendant entered into a contract with Plaintiff in which Plaintiff agreed to service and furnish supplies for Defendant's vessel; and

Plaintiff averring that it provided the agreed-upon services and supplies in the amount of $23,269.05, which Defendant has not paid; and

The Court finding that Plaintiff has provided documentation to support the compensatory amount of its claim, see Trucking Emples. of N. Jersey Welfare Fund, Inc. v. M.J. Paquet, Inc., 2009 U.S. Dist. LEXIS 41108, at **6-7 (D.N.J. May 11, 2009) (noting that quantum of damages may be established without further proof if the amount of damages are liquidated or discernible by mathematical computation); and

Federal Rule of Civil Procedure 55 providing that obtaining a default judgment is a two-step process –- first, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court, Fed. R. Civ. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court, Fed. R. Civ. P. 55(b); and

Plaintiff having requested the entry of default by the Clerk, and the Clerk having entered default on January 5, 2010; and

Plaintiff having filed a motion for default judgment pursuant to Rule 55(b); and

The Court noting that "entry of a default judgment is left primarily to the discretion of the district court," <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1180 (3d Cir. 1984), and "that the party making the request is not entitled to a default judgment as of right," <u>Franklin v. Nat'l Mar. Union</u>, 1991 U.S. Dist LEXIS 9819, at **3-4 (D.N.J. 1991) (citation and internal quotation marks omitted); and

The Court finding that because Defendant has failed to appear and respond to Plaintiff's charges in this matter, Defendant is deemed to have admitted the conduct alleged in Plaintiff's complaint, <u>see</u> <u>Comdyne I. Inc. v. Corbin</u>, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citation and internal quotation marks omitted)); and

The Court finding that Plaintiff would be prejudiced if denied default judgment because it has no other means of vindicating its claims against Defendant, who has not responded, submitted any meritorious defenses, or otherwise offered any excusable reasons for his default, <u>see</u> <u>Peterson v. Boyarsky</u>

3

<u>Corp.</u>, 2009 U.S. Dist. LEXIS 30967, at *12 (D.N.J. Apr. 8, 2009); and

The Court having found that Plaintiff is entitled to judgment in its favor; and

The Court having already granted an Ex Parte Motion for Interlocutory Sale of the vessel on January 14, 2010; and

Plaintiff having successfully credit bid for the vessel, in the amount of $18,000, at the sale on February 17, 2010; and

The Court having found that Plaintiff properly published notice of both the arrest and sale of the vessel in accordance with the Court's Orders dated December 15, 2009 and January 14, 2010, respectively; and

The Court having confirmed the sale of the vessel on March 9, 2010 and having directed the United States Marshal to prepare and deliver a Bill of Sale conveying the vessel's title to Plaintiff; and

Plaintiff having represented, through counsel's affidavit in support of the application to confirm the sale, that a fair and reasonable approximation of the vessel's value was $18,000 at the time of the sale; and

The Court noting that, with respect to maritime claims, "a party who may proceed in rem may also, or in the alternative, proceed in personam against any person who may be liable," Supp.

4

R. for Admiralty or Mar. Cl. & Asset Forfeiture Actions C(1)(b);
see <u>Constr. Hands, Inc. v. Baker</u>, 446 F. Supp. 2d 88, 90
(N.D.N.Y. 2006) ("Claims for a maritime lien may be maintained
both <u>in rem</u> against the vessel, and <u>in personam</u> against the
owner."); and

The Court further noting that "[a] plaintiff who has
recovered a judgment in an <u>in rem</u> action which remains in part
unsatisfied may proceed against the owner <u>in personam</u> to recover
the deficiency," <u>Cent. Hudson Gas & Elec. Corp. v. Empresa
Naviera Santa S.A.</u>, 56 F.3d 359, 366 (2d Cir. 1995) (citation and
internal quotation marks omitted); see <u>Fortis Bank (Nederland)
N.V. v. M/V Shamrock</u>, 2005 U.S. Dist. LEXIS 18600, at *3 (D. Me.
Aug. 24, 2005) (granting default judgment against defendants <u>in
personam</u> because defendants "did breach the loan agreement and
are liable to [plaintiff] to the extent that [plaintiff's]
damages exceed what it was able to recover on its <u>in rem</u> claim
against [defendants' vessel]");

Accordingly,

**IT IS HEREBY** on this ___13th___ day of ___August___, 2010

**ORDERED** that Plaintiff's Motion for Default Judgment [Doc. #
14] is **GRANTED;** and it is further

**ORDERED** that Plaintiff has twenty (20) days from the date of
this Order to provide to the Court the assessment and opinion of

a qualified third party, in the form of a certification or affidavit, that fairly quantifies the value of the vessel;[1] and it is further

    **ORDERED** that the Court intends to award as the judgment in this matter the difference between $23,269.05 –- the total amount of Plaintiff's claim against Defendant –- and the approximated value of the vessel that Plaintiff has already obtained; and it is further

    **ORDERED** that should it disagree with the Court's award, Plaintiff has twenty (20) days from the date of this Order to show cause why the amount awarded by this default judgment against Defendant should be modified.


                                            /s/ NOEL L. HILLMAN
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[1] By "vessel," the Court, of course, includes the boat along with its engines, tackle, apparel, and other appurtenances at issue in this case.