```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| UTSCH'S MARINA, INC., : | Civil No. |
| : | 09-cv-5848 (NLH)(KMW) |
| Plaintiff, : |  |
| : | **MEMORANDUM & ORDER** |
| v. : |  |
| : |  |
| MOTOR VESSEL, A "2000" GRADY : |  |
| WHITE, MODEL NO. 232, AND : |  |
| BEARING HULL IDENTIFICATION : |  |
| NO. NTLCZ16H900, HER TWIN- : |  |
| EVINRUDE ENGINES BEARING : |  |
| SERIAL NO(S). G04807334 AND : |  |
| G04815496, HER TACKLE, APPAREL : |  |
| & HER APPURTENANCES IN REM & : |  |
| THOMAS P. SELLERS IN PERSONAM : |  |
| : |  |
| Defendants. : |  |

**HILLMAN, District Judge**

THIS MATTER having originally come before the Court on the motion of Plaintiff, Utsch's Marina, Inc., for default judgment against Defendant, Thomas P. Sellers, with respect to Defendant's contractual responsibility to pay for necessaries furnished to his vessel by Plaintiff; and

Plaintiff averring that on or around April 28, 2004, Defendant entered into a contract with Plaintiff in which Plaintiff agreed to service and furnish supplies for Defendant's vessel; and

Plaintiff averring that it provided the agreed-upon services and supplies in the amount of $23,269.05, which Defendant has not paid; and

The Court having already granted an Ex Parte Motion for Interlocutory Sale of the vessel on January 14, 2010; and

Plaintiff having successfully credit bid for the vessel, in the amount of $18,000, at the sale on February 17, 2010; and

The Court having granted Plaintiff default judgment against Defendant in its Order dated August 13, 2010; and

The Court having explained its intent to award as the judgment in this matter the difference between $23,269.05 -- the total amount of Plaintiff's claim against Defendant -- and the approximated value of the vessel that Plaintiff had already obtained in this case; and

The Court having ordered Plaintiff to provide a fair valuation of the vessel and having granted Plaintiff leave to show cause why the amount awarded by the default judgment against Defendant should be modified; and

Plaintiff asserting, in a brief dated September 20, 2010, that it is entitled to a total award of $39,696.01, including $8,554.71 *in custodia legis* expenditures, $5,269.05 in the difference between Defendant's outstanding debt and the credit

bid, $454.03 in prejudgment interest, and $25,418.22 in reasonable attorney's fees and legal costs; and

The Court noting that, with respect to maritime claims, "a party who may proceed in rem may also, or in the alternative, proceed in personam against any person who may be liable," Supp. R. for Admiralty or Mar. Cl. & Asset Forfeiture Actions C(1)(b); see Constr. Hands, Inc. v. Baker, 446 F. Supp. 2d 88, 90 (N.D.N.Y. 2006) ("Claims for a maritime lien may be maintained both *in rem* against the vessel, and *in personam* against the owner."); and

The Court further noting that "[a] plaintiff who has recovered a judgment in an *in rem* action which remains in part unsatisfied may proceed against the owner *in personam* to recover the deficiency," Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 366 (2d Cir. 1995) (citation and internal quotation marks omitted); see Fortis Bank (Nederland) N.V. v. M/V Shamrock, 2005 U.S. Dist. LEXIS 18600, at *3 (D. Me. Aug. 24, 2005) (granting default judgment against defendants *in personam* because defendants "did breach the loan agreement and are liable to [plaintiff] to the extent that [plaintiff's] damages exceed what it was able to recover on its *in rem* claim against [defendants' vessel]"); and

The Court finding that Plaintiff is entitled to the amount of $5,269.05, the difference between Defendant's outstanding debt ($23,269.05) and Plaintiff's credit bid at the Marshal's sale ($18,000); and

The Court finding that Plaintiff has demonstrated the incurrence of *in custodia legis* expenses and is entitled to the amount of $8,554.71 for its services in storing the vessel and effectuating its sale, see <u>Donald D. Forsht Assocs., Inc. v. Transam. ICS, Inc.</u>, 821 F.2d 1556, 1560-61 (11th Cir. 1987) (recognizing that "[c]laims arising out of the care and operation of the vessel while it is in the custody of the court" may be reimbursed by the person providing such services "from the sale proceeds, ahead of all lienors, as an administrative cost" and "are paid as 'expenses of justice' in priority to all lien claims when the dictates of 'equity and good conscious' so require" (citation omitted)); <u>Regions Bank v. M/V Chasing Money</u>, 2009 U.S. Dist. LEXIS 14924, at *6 (E.D.N.C. Feb. 26, 2009) (awarding default judgment against *in personam* defendants, including an amount for *in custodia legis* costs); <u>ITT Indus. Credit Co. v. M/V Richard C</u>, 617 F. Supp. 761, 768-69 (E.D. La. 1985) (awarding parties *in custodia legis* costs for wharfage, insurance premiums, and U.S. Marshal's advance costs for seizure); and

The Court finding that Plaintiff has demonstrated its entitlement to an award of prejudgment interest in the amount of $454.10, see BP Exploration & Oil, Inc. v. Moran Mid-Atlantic Corp., 147 F. Supp. 2d 333, 345 (D.N.J. 2001) ("'Throughout our history, admiralty decrees have included provisions for prejudgment interest.'" (quoting City of Milwaukee v. Cement Div., Nat'l Gypsum Co., 515 U.S. 189, 194 (1995))); and

The Court noting that "[a]s a general matter, attorneys' fees are not available in admiralty cases unless the court determines in its equitable discretion that one party has acted in bad faith," Sosebee v. Rath, 893 F.2d 54, 56 (3d Cir. 1990); see Madeja v. Olympic Packers, L.L.C., 310 F.3d 628, 635 (9th Cir. 2002) ("The equitable grant of attorney's fees is appropriate in admiralty only when the shipowner acted arbitrarily, recalcitrantly, or unreasonably."); Templeman v. Chris Craft Corp., 770 F.2d 245, 250 (1st Cir. 1985) ("Under admiralty law, a court has inherent power to assess attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (citation and internal quotation marks omitted)); and

The Court finding that, although Defendant did not make proper payments or appear in this case, no evidence demonstrates the bad faith or vexatiousness necessary to warrant an award of

attorney's fees and costs, expenses that are generally assumed by each respective party; and

The Court further finding that Plaintiff does not point to any other legal authority that would justify an award of attorney's fees and costs in this case;[1] and

The Court therefore denying Plaintiff's request for attorney's fees and legal costs;

Accordingly,

**IT IS HEREBY** on this  18th   day of    January     , 2011

**ORDERED** that a judgment of $14,277.79, including the difference between Defendant's outstanding debt and Plaintiff's credit bid at the Marshal's sale, *in custodia legis* expenses, and prejudgment interest, be **ENTERED** against Defendant, Thomas P. Sellers; and it is further

**ORDERED** that this case is to be **CLOSED**.


At Camden, New Jersey               /s/ NOEL L. HILLMAN
                                    NOEL L. HILLMAN, U.S.D.J.

---

[1] While the imposition of attorney's fees shall not be entered here, the Court recognizes the efforts of Plaintiff and Plaintiff's counsel in diligently and professionally prosecuting this matter.